CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JAN 11 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| HOWARD T. TUNSTALL, | ) | CASE NO. 4:09CV00005 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| COMMISSIONER OF SOCIAL SECURITY, | ) | By: B. Waugh Crigler |
| | ) | U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's November 20, 2006 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision issued on October 28, 2008, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, October 22, 2006, and that he met the insured status requirements under the Act through September 30, 2010. (R. 10.) The Law Judge determined plaintiff suffered the

following severe impairments: hypertension, carotid artery stenosis, hyponatremia, hypokalemia and intractable hiccups, cannabis abuse, a history of alcohol and cocaine dependency, a depressive disorder, a cognitive disorder, and is status post an October 2006 cerebral vascular accident.[1] (*Id.*) The Law Judge further determined that plaintiff did not have an impairment or combination of impairments which met or equaled a listed impairment. (R. 13.) The Law Judge found that plaintiff maintained the residual functional capacity ("RFC") to perform simple, routine repetitive work at the medium exertional level. (R. 14.) The Law Judge was of the belief that plaintiff's RFC precluded him from performing his past relevant work[2], but that other jobs existed in significant numbers in the national economy that he can perform. (R. 16-17.) The Law Judge ultimately found he was not disabled under the Act. (R. 17.)

Plaintiff appealed the Law Judge's October 28, 2008 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support.

---

[1] The Law Judge noted that plaintiff had a twenty-year history of cocaine abuse, but he had not used the substance for one year prior to the hearing. (R. 12.)

[2] Plaintiff's past relevant work included that of a certified nursing aide, forklift operator, electrician and inventory control worker. (R. 16.)

*Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

On September 30, 2009, the undersigned entered an Order directing plaintiff to show cause for his failure to prosecute. (Dkt. No. 12.) On October 7, 2009, plaintiff filed a form stating that when his prescriptions are taken individually they have little to no side effects, but that when the prescriptions are taken together, he experiences insomnia, indigestion, constipation, and rashes on various parts of his body. (Dkt. No. 13.) Plaintiff also suggests that his hypertension, carotid artery stenosis, hyponatremia, intractable hiccups, depression, cerebral vascular accident, high blood pressure, gastric problems and high cholesterol preclude him from maintaining any sort of employment. (*Id.*)

In his motion for summary judgment, the Commissioner argues that the Law Judge's finding that plaintiff could perform simple, routine repetitive unskilled work at the medium exertional level is supported by substantial evidence. (Commissioner's Brief, pp. 15-17.) The undersigned agrees.

On January 16, 2007, a State agency record reviewing physician, Juan Astruc, M.D., evaluated plaintiff's medical records. (R. 656-662.) Dr. Astruc noted that plaintiff is independent in his activities of daily living, he has no problems standing, and he is able to walk unassisted. (R. 661.) The physician concluded that plaintiff's treatment of his impairments had been routine and conservative, and that his prescribed medications had been relatively effective in controlling his symptoms. (*Id.*) Dr. Astruc concluded that plaintiff's impairments limited him to performing medium exertional work. (R. 657.) Dr. Astruc's views were confirmed by Tony

3

Constant, M.D. on March 14, 2007. (R. 722.)

On January 10, 2007, another State agency record reviewing physician, Wanda Hester, M.D., evaluated plaintiff's medical records. (R. 655.) Dr. Hester also found that plaintiff could perform medium exertional work.

That plaintiff could perform simple, routine repetitive work from a psychological viewpoint also is supported by the psychological evaluation provided by David Leen, Ph.D. (R. 828-836.) Dr. Leen opined that plaintiff could consistently perform relatively simple and repetitive work activities in a timely and appropriate manner. (R. 833.) The psychologist believed plaintiff was able to maintain reliable attendance in the workplace, accept instructions from supervisors, deal appropriately with coworkers and the public on a consistent basis, and complete a normal workweek without interruptions resulting from his depressive symptoms. (*Id.*) Finally, Dr. Leen opined that plaintiff could generally deal with the usual stressors of competitive work. (*Id.*)

Other than his own statements in the materials filed with the court, in what clearly is a voluminous medical file, plaintiff cannot point to any evaluations by his treating or examining physicians which contradict or otherwise call into question those offered by the State agency reviewers. Under the regulations, the Law Judge certainly could rely on those opinions as a source for his decision adverse to the plaintiff. *See* 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) ("State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation.") For the court to do otherwise essentially would serve to substitute its judgment for those of the State agency physicians and the decision by the

Law Judge which rested on those opinions.

For these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ [signature]
U.S. Magistrate Judge

1-11-2010
Date